IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02652-BNB

MR. OTIS CISERO SMALLWOOD,

       Plaintiff,

v.

CHIEF R. FOOS, Denver County Jail Division,
MAJOR G. WILSON, Denver County Jail Division, and
THE PEOPLE OF THE STATE OF COLORADO AND CITY AND COUNTY OF
     DENVER, COLORADO,

       Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 5 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

---

     Plaintiff, Otis Cisero Smallwood, initiated this action by submitting to the court

*pro se* on December 12, 2007, a Prisoner Complaint pursuant to 42 U.S.C. § 1983. On

December 18, 2007, before the first complaint was filed, Mr. Smallwood filed an

amended Prisoner Complaint. On December 20, 2007, the court entered an order

directing Mr. Smallwood to cure certain deficiencies in this action, including deficiencies

relating to the complaint. On January 9, 2008, in response to the court's December 20

order, Mr. Smallwood filed a second amended complaint.

     The court must construe the second amended complaint liberally because Mr.

Smallwood is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court

should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the

reasons stated below, Mr. Smallwood will be ordered to file a third amended complaint.

The court has reviewed the second amended complaint filed by Mr. Smallwood and finds that it is deficient. First, it is not clear who the Defendants in this action are. Mr. Smallwood lists what appears to be three Defendants in the caption of the second amended complaint. However, it is not clear that Mr. Smallwood has listed only three Defendants in the caption of the second amended complaint because he has violated the court's local rules by failing to list each named Defendant on a separate line. Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name." It also is not clear who Mr. Smallwood intends to sue in this action because only two Defendants are listed in Section A of the complaint, the section that describes the parties to the action.

The court also finds that the complaint is deficient because Mr. Smallwood fails to allege facts to demonstrate that each of the named Defendants personally participated in the asserted constitutional violation. Mr. Smallwood does not mention any of the Defendants in connection with the claims he is asserting.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Smallwood must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of**

*Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Smallwood will be directed to file a third amended complaint that clarifies who he is suing and in which he alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violation. In order for Mr. Smallwood to state a claim in federal court, his third amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Smallwood is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Smallwood file **within thirty (30) days from the date of this order** an original and sufficient copies of a third amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Smallwood, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Smallwood fails to file an original and sufficient copies of a third amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

3

DATED January 15, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02652-BNB

Mr. Otis Cisero Smallwood
Prisoner No. 1564315
DPO No. 251533
Denver County Jail
PO Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _1/15/08_

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk