IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02652-WYD-MEH

OTIS CISERO SMALLWOOD,

    Plaintiff,

v.

CHIEF R. FOOS,
MAJOR G. WILSON, and
MEDICAL DIRECTOR CARMEN,

    Defendants.

___

# RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT
___

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(b) filed by Defendants Foos and Wilson [filed April 18, 2008; doc #59], and a Letter filed by the Plaintiff [doc #71], which the Court construes as a response to the motion. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for recommendation. As set forth herein, the Court respectfully recommends that Defendants' Motion for Summary Judgment be **granted**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved

**BACKGROUND**

Plaintiff is an inmate currently housed at the Denver County Jail. He claims that from the date he was assigned to the Palmer Building of the facility, November 5, 2007, through the date he was reassigned to the Main Building, November 24, 2007, he was required to wear on his feet only socks and sandals while being transferred from Palmer to Main for meals (three times a day) and medical care (two times a day). Doc. #11 at 3. Plaintiff asserts that the weather during that time was cold and snowy, and that he suffered flare-ups of his arthritis and previous back injury as a result of being exposed to the cold weather. *Id.*; see also doc. #71. He contends that these conditions constitute "cruel and unusual punishment," that Defendants Foos and Wilson are responsible for his health and well-being while he is incarcerated, and that $40,000.00 "would assist [him] with [his] relief." *Id.* at 8.

In response to the Amended Complaint, Defendants filed the within Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(b) on April 18, 2008 [doc #59]. Defendants contend that they did not personally participate in the conduct of which Plaintiff complains, and that, even if they had participated, Plaintiff's claim does not rise to the level of an Eighth Amendment violation. *See* doc. #59 at 4-8. Defendants assert that the path between the Palmer and Main buildings is approximately 50 yards long and is typically shoveled to remove snow at least daily. Doc. #59-2 at 6. They state that, three days after Plaintiff filed a grievance regarding this matter (November 24, 2007), he was transferred to the Main Building on November 27, 2007. *Id.* The following day, the inmates in the Palmer Building were granted permission to wear personal tennis shoes. *Id.* at 7.

---

party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Plaintiff responded repeating the facts of the case and contending that the Denver City Attorney is "wrong" about the time period at issue in the case, confirming that "everything happened when I first came to the County Jail which was 11/5/07 untill (sic) 11/27/07 when I got transferred to the main jail which was 23 days apart." Doc. #71 at 3-4. He asserts, "I am still claiming that my health and safety is required before this claim [of] cruel and unusual punishment under the Eight Amendment of the United States Constitution." *Id.* at 3.

The Court has reviewed the maximum and minimum temperatures for Denver, Colorado for the relevant time period at http://cdo.ncdc.noaa.gov/dly/DLY?stnid=20003762, the web site for the United States Department of Commerce, National Oceanic and Atmospheric Administration, National Climatic Data Center.[2] From November 5 to November 20, 2007, the average high temperature in Denver was 65 degrees and the average low temperature was 27 degrees. During those 16 days, on only six days did the temperature ever fall below freezing. On only one of those days was there even a trace of precipitation, November 14, when the high was 71 degrees and the low 31 degrees. From November 21-24 the temperature was colder, with 39, 30, 27 and 39 degrees the respective highs, and 22, 12, 16 and 15 degrees the respective lows. November 21 saw two inches of snow; November 22 say 0.1 inches of snow; November 23 saw no precipitation; and November 24 saw a trace of precipitation.

## DISCUSSION

**I.  Standard of Review**

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v.*

---

[2]*See Pate v. Norris*, No. 4:05CV00491, 2007 WL 990698, at *19 n.10 (E.D. Ark. Mar. 29, 2007) (citing cases taking judicial notice of federal government historic weather data).

*South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws

all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

**II.     Analysis**

Even drawing all inferences in the light most favorable to him, I find that Plaintiff has failed to show any genuine issue of material fact against Defendants Foos and Wilson that would justify permitting this case to proceed to trial.

Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety. *Barney v. Pulsipher*, 143 F.3d 1299, 1310-11 (10th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 832-33(1994)). In order to hold prison officials liable for violating an inmate's right to humane conditions of confinement, two requirements must be met. First, the deprivation alleged must be objectively "sufficiently serious," depriving the inmate of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). Second, the official must have a "sufficiently culpable state of mind," which in this context means the official must exhibit "deliberate indifference" to a substantial risk of serious harm to an inmate. *Farmer,* 511 U.S. at 834; *Wilson,* 501 U.S. at 297.

Here, the only conditions of confinement about which Plaintiff complains is the 23-day period at the Palmer Building during which he was required to walk 50 yards in allegedly cold and snowy weather between three and five times a day. Historical records establish that there were only four such days during that time period. While Plaintiff complains that the requirement to walk between buildings caused his "arthritis pain [to] start to act up on me, my bones gets (sic) real sore

5

and my back injury gets to where I can't move anything as to where my body begins to lock up on me" [doc. #11 at 3], he does not explain how he was physically injured, whether he sought medical treatment, how that treatment (if any) was insufficient (if at all), or how he was "deprived of the minimal civilized measure of life's necessities."

Likewise, to the extent Plaintiff complains that his placement in and movement among the facilities amounted to cruel and unusual punishment, he alleges no facts as to how or whether he was injured as a result of the placement and transfers and fails to show how any deprivation he suffered was objectively serious. Plaintiff admits that the movement between buildings was effected to feed him and to meet his medical needs. *Id.* There is no indication that his medical or other basic needs were unmet.

Moreover, Plaintiff has no protected interest in his actual placement or movement among the jail facilities. *See Meachum v. Fano*, 427 U.S. 215, 228 (1976) (prison officials have the discretion to place and transfer prisoners for any number of reasons). With these allegations, Plaintiff cannot show that he suffered a sufficiently serious deprivation necessary to state an Eighth Amendment claim, nor that any genuine issues of material fact exist to allow the case to proceed to trial.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1(C), I therefore RECOMMEND that Defendants Foos and Wilson's Motion for Summary Judgment [filed April 18, 2008; doc #59] be **granted**, and that Plaintiff's constitutional claim against Defendants be dismissed with prejudice.

Dated at Denver, Colorado this 13th day of May, 2008.

                              BY THE COURT:

                              s/ Michael E. Hegarty
                              Michael E. Hegarty
                              United States Magistrate Judge